J-A12040-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| GARY MEDSGER AND REGINA MEDSGER, HIS WIFE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| HAWAIIAN TAN AND NAILS, INC.; GREGORY KUNTZ; AND STEPHANIE MATKOVICH, | |
| Appellees | No. 1635 WDA 2016 |

Appeal from the Order Entered October 13, 2016
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): G.D. 13-008034

BEFORE:  OLSON, SOLANO and RANSOM, JJ.

MEMORANDUM BY OLSON, J.:　　　　　FILED  NOVEMBER 20, 2017

In this appeal, Appellants, Gary Medsger and Regina Medsger (husband and wife), challenge two orders entered in the Civil Division of the Court of Common Pleas of Allegheny County.  The first, entered on August 20, 2015, granted summary judgment in favor of Appellee, Hawaiian Tan and Nails, Inc. (Hawaiian Tan).  The second, entered on October 11, 2016, granted summary judgment in favor of Gregory Kuntz (Kuntz).[1]  After careful review, we vacate and remand for trial.

_____

[1] Appellants' claims against other defendants named in the case were finally resolved as of October 13, 2016, when the trial court entered an order that acknowledged a pro rata joint tortfeasor release executed in favor of Stephanie Matkovich (Matkovich) and that designated the summary judgment orders entered in favor of Hawaiian Tan and Kuntz as final
(Footnote Continued Next Page)

We summarize the factual and procedural history in this case as follows. Kuntz is the owner of a property located at 8200 Perry Highway, also known as State Route 19, in McCandless Township. The property consists of a building and adjacent parking lot. Hawaiian Tan operates a tanning and nail salon at the Perry Highway location pursuant to a lease agreement with Kuntz.

Matkovich was a patron of the Hawaiian Tan salon. At 6:00 p.m. on November 8, 2011, just after dusk, Matkovich was exiting the salon's parking lot and attempting to cross the northbound lanes on Perry Highway and turn left onto the southbound lanes. At that time, Gary Medsger (Medsger) was traveling on his motorcycle in a northerly direction on Perry Highway. Perry Highway is a four-lane roadway with two lanes each running generally in northerly and southerly directions; Medsger was traveling in the leftmost, or passing, lane of the two northbound lanes along Perry Highway. As Matkovich turned onto the highway, her vehicle collided with Medsger's motorcycle in the northbound passing lane. Medsger sustained serious injuries as a result of the accident.

(Footnote Continued) ─────────────────

pursuant to Pa.R.A.P. 341(a) and (b)(1) (appeal may be taken as of right from any final order of a trial court, which includes any order that disposes of all claims and all parties). Prior to this, Appellants voluntarily dismissed Stephen Anthony Malkovich from the litigation. Also, the trial court previously entered judgment on the pleadings in favor of McCandless Township and the Pennsylvania Department of Transportation. None of the issues raised in this appeal involve the termination of Appellants' claims against these former defendants.

At the time of the collision, five temporary yard signs advertising Hawaiian Tan's business had been erected along a grassy portion of the property located at 8200 Perry Highway situated adjacent to the road surface. Two of the signs read "New Bulbs," two of the signs read "5 Tans $19.99," and one sign read "Hot New Bulbs." The printed words appeared in red lettering on a rectangular white surface with dimensions of approximately 18 in. x 24 in. The segment of the property on which the signs were located was to the left of the exit used by Matkovich. Three of the signs were within a few feet of where Kunz's property met the curb bordering Perry Highway. The signs stood approximately three feet above the ground.

Appellants filed their original complaint on May 9, 2013. Pertinent to this appeal, Count I alleged, inter alia, that Hawaiian Tan negligently caused Appellants to sustain injuries and damages by erecting signs in violation of local ordinances, placing its signs too close to Perry Highway, and situating its signs in such a manner so as to impair the view of motorists such as Matkovich. Count II alleged, inter alia, that Kuntz negligently harmed Appellants by permitting Hawaiian Tan to erect and maintain its signs at the Perry Highway property.[2]

_____

[2] Count III of Appellants' original complaint asserted claims against Matkovich; however, the parties resolved those claims by executing a release agreement. In addition, Appellants twice amended their complaint by adding additional claims and parties. As we stated supra, however,
(Footnote Continued Next Page)

The trial court granted summary judgment motions filed by Hawaiian Tan and Kuntz on August 20, 2015 and October 11, 2016, respectively. Thereafter, the court entered an order on October 13, 2016 that acknowledged a joint tortfeasor release executed in favor of Matkovich and that designated the orders granting summary judgment as final, appealable orders pursuant to Pa.R.A.P. 341. Appellants filed a timely appeal on October 27, 2016 and the trial court issued its opinion on November 18, 2016.

Appellants raise the following issue for our consideration:

Did the [trial court] err in granting [s]ummary [j]udgment [] in favor of [Hawaiian Tan and Kuntz] where genuine issues of material fact existed as to whether the negligent placement of advertising signs in violation of numerous federal, state, and local laws and ordinances [was] a factual cause of Gary Medsger's injuries?

Appellants' Brief at 3.

Appellants challenge orders that entered summary judgment in favor of Hawaiian Tan and Kuntz, claiming that the trial court erred in finding that there were no genuine issues of material fact pertaining to whether the placement of Hawaiian Tan's advertising signs were a factual cause of Medsger's injuries. The governing standard of review applied in such cases is as follows.

(Footnote Continued) ————————————

those claims are no longer pending and no challenge to the dismissal of those claims has been raised in this appeal.

As has been oft declared by [the Pennsylvania Supreme Court], "summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Atcovitz v. Gulph Mills Tennis Club, Inc., 812 A.2d 1218, 1221 (Pa. 2002); Pa. R.C.P. 1035.2(1). When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. Toy v. Metropolitan Life Ins. Co., 928 A.2d 186, 195 (Pa. 2007). In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment "where the right to such judgment is clear and free from all doubt." Id. On appellate review, then,

> an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question [the] standard of review is de novo. This means we need not defer to the determinations made by the lower tribunals.

Summers v. Certainteed Corp., 997 A.2d 1152, 1159 (Pa. 2010) (emphasis added) (parallel citations omitted), quoting Weaver v. Lancaster Newspapers, Inc., 926 A.2d 899, 902-903 (Pa. 2007).

The trial court granted summary judgment in favor of Hawaiian Tan and Kuntz on the basis that Appellants "failed to present a prima facie case that the placement of [Hawaiian Tan's] advertising signs contributed to the accident by blocking Matkovich's view of [Perry Highway]."[3] Trial Court

_____

[3] The trial court observed that it was incumbent upon Appellants to establish, by way of circumstantial evidence, a prima facie against Hawaiian Tan and Kuntz since, during her deposition, Matkovich denied that Hawaiian
(Footnote Continued Next Page)

- 5 -

Opinion, 11/18/16, at 2. Rejecting Appellants' arguments against the entry of summary judgment, the court explained that:

> there is insufficient circumstantial evidence from which a jury could conclude that a sign or signs blocked view of [Perry Highway]. The fact that the signs might have been in Matkovich's field of vision as she looked leftward and exited the parking lot does not permit the inference that the signs, in fact, blocked her view.

Id. at 4. The trial court rejected an affidavit submitted by Nathan Medsger, Appellants' son, which attached several photographs depicting Hawaiian Tan's signs in a grassy area to the left of the lane exiting the parking lot and adjacent to Perry Highway. The court criticized the affidavit as an unscientific recreation of the scene of the accident which lacked assurances that it accurately reflected Matkovich's viewpoint as she exited the parking lot and entered the flow of traffic on Perry Highway. In the trial court's view, neither the photographs nor the affidavit raised a genuine issue of fact as to whether the placement of Hawaiian Tan's signs impaired Matkovich's view as she entered the highway.

We conclude that the trial court erred as a matter of law in determining that genuine issues of fact did not preclude summary judgment in this case. It is well settled under Pennsylvania law that the credibility and weight attributable to witness testimony are not proper considerations at

(Footnote Continued) ————————————

Tan's signs blocked her view of Perry Highway. Trial Court Opinion, 11/18/16, at 2.

summary judgment; instead, such determinations fall within the exclusive province of the jury. See In re Estate of Hunter, 205 A.2d 97, 102 (Pa. 1964) ("The credibility of witnesses, professional or lay, and the weight to be given to their testimony is strictly within the proper province of the trier of fact.").

At the summary judgment stage, a trial court is required to consider all facts of record, and all reasonable inferences therefrom, in a light most favorable to the non-moving party. Toy, 928 A.2d at 195. This clearly includes the facts brought to light through the affidavit of Nathan Medsger and submitted in opposition to the motions filed by Hawaiian Tan and Kuntz. In our view, when viewed in the light most favorable to Appellants, the information contained within Nathan Medsger's affidavit, together with the photographs attached thereto, raised a plausible claim that Hawaiian Tan's signs impaired the view of motorists such as Matkovich and, therefore, the placement of the signs could be regarded by a jury as negligence which served as the proximate cause of the accident. It is irrelevant at this stage in the litigation whether Nathan Medsger qualified as an expert witness, as the trial court appears to imply. See Trial Court Opinion, 11/18/16, at 4 (noting that Nathan Medsger was not an accident reconstruction expert and his testimony would not have been admissible at trial). At the very least, Appellants were entitled to introduce the photographs at trial and have the jury weigh the credibility of Matkovich's explanation of the accident within

the context of this evidence.  Accordingly, it was error for the trial court to reject Appellants' claims at the summary judgment stage.

Orders vacated.  Case remanded.  Jurisdiction relinquished.

Solano, J. concurs in result.

Ransom, J. concurs in result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/20/2017